**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| LYNN P. BAKER | ) | |
| | ) | 3:07-cv-00527-BES (VPC) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | August 11, 2008 |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Brian E. Sandoval, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is plaintiff's motion for reversal of the Commissioner's decision (#10).  Defendant filed a cross-motion for summary judgment and in opposition to plaintiff's motion for reversal (#11) and plaintiff did not reply.  The court has thoroughly reviewed the parties' pleadings and the administrative record ("AR") and finds that the administrative law judge's ("ALJ") findings are supported by substantial evidence in the record.  The ALJ gave clear and convincing reasons for finding plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms not credible and concluding plaintiff was not under a disability from the onset date to the date last insured (AR 17 - 25).  For the reasons set forth below, the court recommends that the plaintiff's motion for reversal of the Commissioner's decision (#10) be denied and defendant's cross-motion for summary judgment and in opposition to plaintiff's motion for reversal (#11) be granted.

**I.  ADMINISTRATIVE PROCEEDINGS**

Plaintiff Lynn Baker ("plaintiff") filed an application for Social Security disability insurance benefits on June 10, 2004 claiming disability beginning October 30, 2003 ("the onset date").  The Social Security Administration ("SSA") denied plaintiff's initial claim on August 11, 2004, and also denied her claim upon reconsideration on June 21, 2005.  The claimant then filed a timely written request for a hearing on August 16, 2005 (AR 94 - 98).  The ALJ held the hearing

1    on October 2, 2006 in Reno, NV.  On March 12, 2007, the ALJ denied disability (AR 17 - 25),

2    and on September 18, 2007, the SSA Appeals Council denied review of this case (AR 5-7).

3    Having exhausted all administrative remedies, plaintiff filed a complaint for judicial review on

4    November 6, 2007 (#1).

5    ## II.  BACKGROUND

6        Plaintiff was born on August 18, 1953, and was fifty-three years old at the time of her

7    hearing (AR 38).  Plaintiff has completed high school and some college, and served in the United

8    States Army for roughly one year (AR 39 - 40).  Plaintiff's last employment was as a shop clerk

9    at a dry cleaners (AR 40).  Her past work experience includes employment as a cashier, dry

10   cleaner clerk, check cashier, mortgage clerk, and mortgage underwriter (AR 74-79).  Plaintiff

11   alleges that she became disabled on October 30, 2003 due to pancreatitis, gastrointestinal

12   disorders, and nausea from medication (AR 83 - 84).

13       Pursuant to this court's order, plaintiff stipulates that the ALJ fairly and accurately

14   summarized the material medical evidence and all other evidence supporting this matter (#10, p.

15   2).  The ALJ in the present case found the plaintiff not disabled at step four of the five step

16   analysis because he found the plaintiff capable of performing sedentary, light and medium

17   occupations at the unskilled level (AR 25).  Specifically, the ALJ made the following findings:

18
19       1.    The claimant last met the insured status requirements of the Social Security Act on December 31, 2006.

20
21       2.    The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 30, 2003 through her date last insured of December 31, 2006 (20 CFR 404.1520(b) and 404.1571 *et seq.*).

22
23       3.    Through the date last insured, the claimant had the following severe impairments: pancreatitis and nausea from medications (20 CFR 404.1520(c)).

24
25       4.    Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

26
27       5.    The claimant had the residual functional capacity to stand/walk eight hours in an eight hour workday with normal breaks, sit eight hours in an eight hour workday with normal breaks.  She can occasionally lift/carry

28

and push/pull 50 pounds and she can frequently lift/carry and push/pull 25 pounds.

6.    Through the date last insured, the claimant's past relevant work as cashier, dry cleaner clerk, check cashier, mortgage clerk, and mortgage underwriter, did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7.    The claimant was not under a disability as defined in the Social Security Act, at any time from October 30, 2003, the alleged onset date, through December 31, 2006, the date last insured (20 CFR 404.1520(f)).

(AR 19-25).

### III.  STANDARD OF REVIEW

The court must uphold the decision of an ALJ if the ALJ properly applied the correct legal standards and the findings of fact are supported by substantial evidence in the record. *See Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996); 42 U.S.C. § 405(g).  "Substantial evidence" has been defined as "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Matthews v. Shalala,* 10 F.3d 678, 679 (9th Cir. 1993); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is more than a mere scintilla but less than a preponderance. *See Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir. 1997), *citing Smolen*, 80 F.3d at 1279.  "To determine whether substantial evidence exists [the court must] look at the record as a whole, considering both evidence that supports and undermines the ALJ's findings.  However, if the evidence is susceptible of more than one rational interpretation, the decision of the ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995) (citations omitted).  The ALJ alone is responsible for determining credibility and for resolving ambiguities. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

The Social Security Act ("the Act") defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (2004).  A claimant is considered disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which

1   exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

2       Pursuant to the Act, the Secretary has adopted regulations which establish a formalized,

3   five-step sequential evaluation process to determine whether a claimant is disabled.  *See* 20

4   C.F.R. § 404.1520.  The ALJ considers: (1) whether the person is engaging in substantial gainful

5   activity; (2) the severity of the alleged impairment; (3) whether the impairment meets or equals

6   a listed impairment and meets the duration requirement; (4) whether the individual is capable of

7   doing work he or she has done in the past; and (5) whether the impairment prevents the person

8   from doing any other work.  *Id.*  If at any point in the five-step inquiry it is determined that a

9   claimant is or is not disabled, further review is unnecessary.

10       **IV.  ANALYSIS**

11       Plaintiff challenges the ALJ's findings on the grounds that the ALJ incorrectly rejected

12   plaintiff's credibility in finding plaintiff not disabled and capable of performing her past relevant

13   work at step four of the five step disability evaluation process (#10, p. 4).  Plaintiff argues that

14   she is fully disabled at step five of the sequential analysis and unable to work. *Id.*

15       Defendant contends the ALJ properly found that plaintiff's allegations about her

16   limitations and subjective symptoms lacked credibility (#11, p. 3).

17       **A.   Medical Evidence**

18       The record reflects that plaintiff began experiencing abdominal pain in December 2003

19   and sought the care of Dr. Spogan (AR 210).  After multiple visits with Dr. Spogan and continued

20   complaints of abdominal pain, Dr. Spogan diagnosed plaintiff with chronic pancreatitis and

21   recommended a cholecystectomy.  *Id.*  Dr. Mark Kozar performed a cholecystectomy on plaintiff

22   on March 11, 2004 (AR 165).  Dr. Kozar found dense adhesions, or "gallstones," during the

23   cholecystectomy (AR 166).  The record shows that directly following the surgery, plaintiff's

24   doctors found the surgery to be successful (AR166, 231).

25       In March 2004, Dr. Spogan reported that plaintiff was "feeling much better" following the

26   cholecystectomy (AR 203).  The plaintiff however, reported experiencing post-surgical diarrhea,

27   which Dr. Fricke, a gastroenterologist, treated with Welchol in August 2004 (AR 184 - 185).  In

28   July 2006, plaintiff reported complications to Dr. Lieberstein, a digestive health specialist, that

1   the Welchol caused plaintiff nausea and constipation (AR 275). Plaintiff stopped taking Welchol

2   because of these side effects and since then, the record reflects, that plaintiff complains of

3   intermittent diarrhea and constipation which she treats with laxatives, pain medication, and rest

4   as needed (AR 275, 61, 46, 47, 52, 63, 66).

5       **B.    Plaintiff's Credibility**

6       The ALJ found plaintiff "not entirely credible" (AR 23), which plaintiff challenges in her

7   motion for reversal (#10, p. 6). The ALJ is responsible for determining credibility, resolving

8   conflicts in medical testimony and resolving ambiguities. *Reddick v. Chater*, 157 F.3d 715, 722

9   (9th Cir. 1998). In order to determine credibility and resolve ambiguities between plaintiff's

10  subjective symptom testimony and the objective medical evidence, an ALJ must perform the two

11  stages of the *Cotton* analysis. *Bunnell v. Sullivan*, 947 F.2d 341, 342 (9th Cir. 1991). At the first

12  step of the *Cotton* analysis, the plaintiff "must produce objective medical evidence of an

13  underlying impairment 'which could reasonably be expected to produce the pain or other

14  symptoms alleged . . . .'" *Cotton v. Bowen*, 799 F.2d 1403, 1407 - 8 (9th Cir. 1986) (citation

15  omitted). If a claimant produces medical evidence of an impairment, the ALJ proceeds to the

16  second step of the *Cotton* analysis. Under the second step of the *Cotton* analysis, the ALJ may

17  not discredit the claimant's testimony as to the severity of the symptoms merely because they are

18  unsupported by objective medical evidence. *Reddick*, 157 F.3d at 722, *citing Bunnell v. Sullivan*,

19  947 F.2d 341, 343 (9th Cir. 1991) (*en banc*). If the ALJ rejects the claimant's subjective

20  complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*,

21  81 F.3d 821, 834 (9th Cir. 1995). If medical evidence of an impairment exists, "unless there is

22  affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for

23  rejecting the claimant's testimony must be 'clear and convincing.'" *Lester*, 81 F.3d at 834. The

24  ALJ must identify what specific evidence undermines the plaintiff's complaints. *Id*.

25      Plaintiff satisfies the first step of the *Cotton* analysis because the ALJ concluded that the

26  objective medical evidence for the plaintiff's impairments could have been reasonably expected

27  to produce the alleged symptoms (AR 23 - 25). Additionally, the ALJ properly gave specific

28  reasons substantiated by evidence when he concluded that, at the second step of the *Cotton*

analysis, plaintiff's testimony regarding intensity, persistence and limiting effects of the alleged symptoms was not credible. *Id*. The ALJ gave three main reasons for finding that the plaintiff's testimony not credible. *Id*. First, the ALJ noted that Dr. Kozar reported that plaintiff had recovered "quite well" from her gallbladder surgery in March 2004 (AR 231). He further noted that according to Dr. Spogan, the plaintiff was "feeling better" following her surgery in March 2004, and that her pancreatitis was "OK" in April 2005 (AR 194, 203).

Second, in addition to finding that plaintiff's medical impairments appear to have been resolved, the ALJ notes that plaintiff's subjective complaints are much worse than objective findings (AR 23). Plaintiff testified at the hearing that she suffers from "constant diarrhea" (AR 46). Plaintiff also claimed to feel worse since her gallbladder was removed through the cholecystectomy (AR 47). She also testified that she has pancreas attacks "all the time" and that they last for two or three days at a time (AR 52). According to plaintiff's testimony, she cannot sit during these attacks, but must recline or lay down (AR 60, 70 - 71). Plaintiff also claimed to use the bathroom approximately every ten minutes to every half an hour in the morning (AR 62). Plaintiff testified that she had to use the bathroom at this same rate when she worked both as a dry cleaner clerk and at her positions at the mortgage company which caused her to leave both of those jobs (AR 68). Finally plaintiff indicated that in any job she undertook, she would have to take these frequent breaks, that this would prevent her from working, and that there is no medical remedy available to alleviate her condition (AR 71 - 73).

The ALJ found the disparity between plaintiff's subjective complaints and the objective medical evidence particularly relevant concerning whether plaintiff is able to work; that while her medical impairments may limit her physical activity somewhat, the limitations are not severe enough to meet the requirements for total disability (AR 24, 91). The ALJ noted that although plaintiff subjectively claims that she cannot work, the Disability Determination Service found in June 2005 that plaintiff could perform medium work (AR 213 - 220). The ALJ further found that Dr. Kozar reported in the March 17, 2004, follow-up visit after the cholecystectomy that plaintiff was doing well and was able to return to work (AR 22, 231). In July 2006, Dr. Lieberstein noted that "diarrhea has not even been a major problem" for the plaintiff (AR 23, 278). Lastly, the ALJ

1   noted that in July 2006, Dr. Spogan indicated that plaintiff's history of abdominal pain was

2   "resolved," that plaintiff's constipation was "completely resolved," and that she was having daily

3   bowel movements (AR 23, 273).

4        Lastly, the ALJ highlights that plaintiff testified to not performing chores around the

5   house, despite the fact that no physician has identified any exertional limitations (AR 23).  The

6   ALJ found that this testimony regarding housework was inconsistent with plaintiff's other

7   testimony.  *Id*.  Plaintiff claims that frequent need to use the bathroom prevents her from

8   successfully maintaining employment.  While it may be true that frequent interruptions would

9   obstruct a desk worker's ability to interact effectively with clients, frequent bathroom use should

10  not hinder one's ability to complete household tasks that can be interrupted to accommodate the

11  performer's schedule, such as dusting, light cooking or vacuuming (AR 54 - 60).  Nonetheless,

12  plaintiff claims that frequent bathroom use prevents her from performing most activities of daily

13  living (AR 62).  Further, driving to the grocery store, a household task that would seem to be

14  problematic given the frequent need to use the restroom and the claimed inability to sit, is one of

15  the only productive activities in which plaintiff engages (AR 58).

16       When he found the plaintiff's testimony not credible, the ALJ relied on these

17  inconsistencies together with the objective evidence demonstrating the plaintiff's medical

18  improvement as specific evidence undermining plaintiff's complaints.  The court finds the ALJ

19  gave clear and convincing reasons in support of this conclusion and that this conclusion is

20  supported by substantial evidence in the record.

21                                **V.  CONCLUSION**

22
         Based on the foregoing, the court concludes that the ALJ gave clear and convincing
23
    reasons to discredit the plaintiff's testimony that she is not able to work.  The court finds that the
24
    ALJ properly determined that the objective medical evidence for the plaintiff's impairments could
25
    have been reasonably expected to produce the alleged symptoms, satisfying the first step of the
26
    *Cotton* analysis.  The court further finds that the ALJ properly supported its decision that plaintiff
27
    lacked credibility at the second step of the *Cotton* analysis when he made the following findings:
28
    first, that the doctors who treated plaintiff reported that plaintiff successfully recovered from

1  gallbladder surgery; second, that plaintiff's subjective complaints were consistently

2  disproportionate to the objective medical evidence; and finally, that plaintiff provided inconsistent

3  testimony regarding the activities of daily living she is capable of performing, given her

4  condition.  The court additionally finds that the ALJ properly applied the correct legal standards

5  and his findings of fact are supported by substantial evidence in the record.  Thus, the court

6  recommends that the plaintiff's motion for reversal of the Commissioner's decision (#10) be

7  denied and defendant's cross-motion for summary judgment and in opposition to plaintiff's

8  motion for reversal (#11) be granted..

9          The parties are advised:

10         1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

11  the parties may file specific written objections to this report and recommendation within ten days

12  of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and

13  Recommendation" and should be accompanied by points and authorities for consideration by the

14  District Court.

15         2.    This report and recommendation is not an appealable order and any notice of appeal

16  pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's

17  judgment.

18                              **IV.  RECOMMENDATION**

19         **IT IS THEREFORE RECOMMENDED** that the plaintiff's motion for reversal of the

20  Commissioner's decision (#10) be **DENIED** and defendant's cross-motion for summary

21  judgment and in opposition to plaintiff's motion for reversal (#11) be **GRANTED**.

22  .      **DATED:** August 11, 2008.

23                                          _Valerie P. Cooke_

24                              _____

25                              **UNITED STATES MAGISTRATE JUDGE**

26

27

28